MICHAEL J. HEYMAN
United States Attorney

JENNIFER IVERS
Assistant U.S. Attorney
KARLA PERRIN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: jennifer.ivers@usdoj.gov
         perrin.karla@epa.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 3:23-cr-00109-VMK-KFR-03 |
| MATANUSKA DIESEL, LLC, | |
| Defendant. | |

This document and its addenda set forth completely the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## PLEA AGREEMENT

### 1. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case:

- Count 1: Conspiracy to Violate the Clean Air Act, in violation of 18 U.S.C. § 371.

The parties agree to jointly recommend the payment of a fine of $32,000 to be paid jointly and severally between the defendant and Mackenzie Spurlock. The parties jointly agree to recommend a three-year term of probation. The United States agrees to dismiss Counts 2 through 10 against the defendant following sentencing. The United States agrees not to criminally prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## 2. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## 3. Charges, Elements, Penalties, and Other Matters Affecting Sentence

### 3.1. Charges of Conviction

The defendant agrees to plead guilty to the following counts of the Indictment:

- Count 1: Conspiracy to Violate the Clean Air Act, in violation of 18 U.S.C. § 371.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 2 of 19

### 3.2. Elements of the Charged Offenses

The elements of the offense charged in Count 1 are as follows:

1. Beginning no later than July 21, 2020 and continuing until at least on or about June 8, 2022, there was an agreement between two or more persons to commit the offense of tampering under the Clean Air Act as charged in the Indictment;

2. The defendant became a member of the conspiracy knowing of at least one of its objects and intended to help accomplish it; and

3. One of the members of the conspiracy performed at least one over act on or after July 21, 2020 for the purpose of carrying out the conspiracy.

### 3.3. Statutory Penalties

The maximum and minimum penalties applicable to the charges of conviction are as follows:

Count 1: Conspiracy to Violate the Clean Air Act, 18 U.S.C § 371

- Probation for up to five years;
- A fine of up to $500,000 for an organization, or twice the gross pecuniary gain or loss from the offense, whichever is greater;[1] and
- A $400 mandatory special assessment.

### 3.4. Other Matters Affecting Sentence

### 3.4.1. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

---

[1] *See* 18 U.S.C. § 3571(d).

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

1. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

2. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

### 3.4.2. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. A defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, may be denied citizenship, and may not be permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including denaturalization and removal from the United States.

### 3.5. Restitution

There is currently no identifiable restitution. The defendant acknowledges that the Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 4 of 19

### 3.6. Fine

The parties jointly recommend that defendant will owe and pay a $32,000 fine, to be paid jointly and severally with Mackenzie Spurlock. Payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### 3.7. Special Assessment

The Defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### 3.8. Defendant's Vehicles and Future Violations

As a condition of probation or supervised release, the parties agree that the defendant will return any tampered vehicles within its possession or control back to emissions compliance. This shall include replacing the required emissions controls, as detailed on the Vehicle Emission Control Information (VECI) label, on each vehicle owned or controlled by Matanuska Diesel, LLC and re-tuning the OBD to its original parameters.

Additionally, as a condition of probation or supervised release, the parties agree that the defendant shall commit no further violations of the Clean Air Act, including falsifying, tampering with or rendering inaccurate the OBD of any vehicles.

### 4. Factual Basis

The defendant admits the truth of the allegations in the Indictment and of the following statement:

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Page 5 of 19

Mackenzie Spurlock has owned and operated a diesel repair shop known as Matanuska Diesel, LLC in Wasilla, Alaska since July 2, 2020. Soon after opening Matanuska Diesel, LLC the defendant and its owner began "deleting and tuning" customers' diesel trucks. This process involved the removal of emissions control systems which are designed to reduce pollutants being emitted from the vehicles. These emissions controls are necessary for the vehicle to meet emissions standards set forth by the EPA to reduce certain pollutants. Under normal operating conditions, an on-board diagnostic system (OBD) will detect any removal and/or malfunction of a vehicle's emissions control equipment. The OBD is a monitoring device that is required under the Clean Air Act.

Upon detection of removal and/or malfunction of those emissions controls, a diagnostic trouble code will be recorded and the malfunction indicator light, also known as the "check engine" light, will be illuminated on the dashboard of the vehicle. Under certain circumstances, if the malfunction is not remedied, the vehicle will be forced into "limp mode," where the maximum speed is limited to five miles per hour, incentivizing the vehicle owner to repair the issue. Thus, when the emissions control systems were removed or "deleted" from customer vehicles, Matanuska Diesel, LLC and its owner also modified or "tuned" the vehicles' OBDs so that it could no longer detect the removal of the emissions controls.

By modifying OBDs on vehicles, Matanuska Diesel, LLC falsified, tampered with, and rendered inaccurate the vehicles' monitoring devices so that the modified vehicles could continue to function despite the removal or deletion of emissions control equipment.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

These activities were done in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C) and Title 18, United States Code, Section 371.

Between approximately July 2020 and June 2022, Matanuska Diesel, LLC deleted and tuned at least 20 diesel vehicles for his customers in violation of the Clean Air Act. The cost of a tune and delete was approximately $1,500 for the replacement parts and labor to remove emissions control systems and render inaccurate the vehicles' OBDs. The defendant's total gross gains during that period were at least $30,000.

For purposes of sentencing, diesel exhaust is known to contain a variety of air pollutants, such as particulate matter (PM), nitrogen oxides (NOx), carbon monoxide (CO) and non-methane hydrocarbons (NMHC), as well as substances identified as hazardous air pollutants under the Clean Air Act: Ethylbenzene, Formaldehyde, n-Hexane, Lead Components, Manganese Compounds, and Mercury Compounds. The act of removing or disabling a vehicle's emissions control system can increase PM by a factor of approximately 40 times, NOx by a factor of approximately 310 times, CO by a factor of approximately 120 times, and NMHC by a factor of approximately 1,100 times.

The parties agree that the Court may rely upon this statement to determine whether there is a factual basis to support the guilty plea, to determine the relevant conduct applicable for purposes of the United States Sentencing Guidelines, and to evaluate the proper sentence under the criteria set forth in 18 U.S.C. § 3553(a).

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 7 of 19

## 5. The United States Sentencing Guidelines, Guideline Application Agreements, and Sentencing Recommendations

### 5.1. Advisory U.S. Sentencing Guidelines

The defendant acknowledges that the Court will consult the advisory United States Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The Guidelines do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The Guidelines are not mandatory, and the Court is not bound to impose a sentence recommended by the Guidelines.

### 5.2. Guideline Application Agreements

All agreements regarding Guidelines applications are set out in this section.

### 5.2.1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility—including by inappropriately seeking to delay sentencing—the United States will not make or, if already made will withdraw, this recommendation and motion.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

## 5.3. Sentencing Recommendations

The United States Probation Office will prepare the defendant's presentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines calculation in the presentence report, and to present evidence in support of their respective sentencing arguments.

The parties jointly agree to recommend a fine of $32,000 to be paid jointly and severally between the defendant and Mackenzie Spurlock. The Defendant further agrees that the criminal fine paid pursuant to this agreement shall not be taken or used as a deduction or credit against, or otherwise used to reduce the amount of taxes, royalties, or any other payments to the United States. In addition, because all the fine payments agreed to herein are part of the resolution of a criminal investigation, the Defendant will not characterize, publicize or refer to these payments as voluntary donations or contributions. The parties jointly agree to recommend a three-year term of probation.

Except as set forth in this agreement, the parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on any relevant criteria, including the stipulated facts set forth in Section 4, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant acknowledges that the United States is obligated to provide the Court

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 9 of 19

with truthful and relevant information that may inform the sentencing decision, and that doing so will not entitle the defendant to rescission of this agreement so long as the United States does, in fact, recommend a sentence that is not inconsistent with this agreement.

## 6. Additional Agreements by the United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not criminally prosecute the defendant further for any other offense now known arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth above.

However, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case notwithstanding any term of this agreement, to include any charges dismissed thereof. The United States shall be entitled to the automatic reinstatement of any such dismissed charges. As an express term of this agreement, the defendant hereby agrees that to waive any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## 7. Additional Agreements by the Defendant

### 7.1. Waiver of Trial Rights

By entering into this agreement, the defendant intentionally and voluntarily waives the following trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## 7.2. Waiver of Appellate Rights

The defendant waives the right to appeal any conviction for any of the charges set forth in this agreement. The defendant further waives the right to appeal any sentence imposed pursuant to this agreement, except on the grounds that the sentence exceeds the maximum term authorized by statute. The defendant understands that this waiver includes,

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

but is not limited to, the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support a plea of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement.

### 7.3. Waiver of Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack any conviction or sentence imposed pursuant to plea agreement, or any portion thereof, including the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea. The only exceptions to this collateral attack waiver are: a challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; or a challenge to the voluntariness of the defendant's guilty plea. The scope of this waiver applies to a collateral attack brought in any procedural vehicle, including but not limited to a challenge brought pursuant to 28 U.S.C. § 2241 or § 2255. The filing of such a challenge shall constitute a material breach of this agreement.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 12 of 19

### 7.4. Waiver of Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement. The defendant agrees that the statements made in signing this agreement shall be deemed usable and admissible in any subsequent proceeding, regardless of whether the plea agreement or any other portion thereof is subsequently withdrawn or rescinded. The foregoing provision acts as a modification and express waiver of the provisions of Fed. R. of Evid. 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis. This provision applies regardless of whether the Court accepts this plea agreement.

### 7.5. Business Organization

The Defendant agrees and understands that this agreement is intended to bind Matanuska Diesel, LLC and that if the Defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of the Matanuska Diesel, LLC business shall take over the obligations of this agreement. The Defendant further agrees to provide the United States Attorney's Office for the District of Alaska and the United States Probation Office for the District of Alaska with immediate notice of any name change, business reorganization, change of control, or similar action that significantly impacts the operation of its business.

No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the Defendant's responsibilities under this agreement. The Defendant shall not engage in any action to seek to avoid the obligations and

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 13 of 19

conditions set forth in this agreement. This agreement, together with all of the obligations and terms hereof, shall inure to the benefit and shall bind assignees, subsidiaries, successors-in-interest, or transferees of the Defendant.

### 7.6. Authorizations to Plead Guilty

The Defendant agrees that this plea agreement will be executed and signed by a person authorized by law and by Matanuska Diesel, LLC to enter into this agreement and to plead guilty on behalf of the Defendant. The Defendant further agrees that it will provide the U.S. Attorney's Office and the Court an original written resolution signed by all of the directors or a majority of the shareholders certifying that the Defendant is authorized to plead guilty to Count 1 of the Indictment in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that an identified individual is authorized to sign this agreement and to take these actions and that all corporate formalities, including but not limited to, approval by Defendant's directors, required for such authorization have been observed.

### 7.7. Consent to Plea Before Magistrate Judge

The defendant has the right to enter a plea before a United States District Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections (if any) to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 14 of 19

objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

### 7.8. Payment of Monetary Penalties and Cooperation with Financial Investigation

The defendant agrees that any monetary penalties imposed (including any fine, forfeiture, restitution, or assessment) will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 upon entry of judgment. The defendant acknowledges that any monetary penalties or forfeiture money judgment will be submitted to the Treasury Offset Program so that payments to the defendant may be applied to federal debts.

Within 30 days of the entry of the guilty plea in court, the defendant agrees to truthfully complete under penalty of perjury a financial statement provided by the United States Attorney's Office, and to update the statement within 7 days of any material change. The defendant further agrees to make full disclosure of all current and projected assets to the U.S. Probation Office before imposition of sentence and again before termination of supervised release or probation, such disclosures to be shared with the United States Attorney's Office.

### 7.9. Breach and Other Circumstances Entitling the Government to Relief

The defendant acknowledges that, if the United States demonstrates by a preponderance of the evidence that the defendant has failed in material way to perform any obligation set out in this agreement, the United States is entitled, at its option, to recission of this agreement. This entitlement supplements, and does not replace, any other form of relief that the United States might be entitled to in the event of a breach, to include any

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 15 of 19

other specific remedy set out under the terms of this plea agreement. The defendant acknowledges if the plea agreement is rescinded, the defendant's admission to the factual basis will be admissible against the defendant as specific in Section 7.4 of this agreement.

## 8. The Parties' Acceptance of this Agreement

I, MATANUSKA DIESEL, LLC, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my guilty plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I appear to enter my plea.

I enter into this agreement voluntarily, with the intent to be bound, and with a full understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR    Document 93    Filed 06/30/25    Page 16 of 19

terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a guilty plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges contained in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence. However, I understand that my attorney cannot guarantee any particular sentence except as set out herein, and I expressly acknowledge that my decision to plead guilty is not based on a belief that I am certain to receive a particular sentence that is not set out in this agreement.

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Case 3:23-cr-00109-VMK-KFR     Document 93     Filed 06/30/25     Page 17 of 19

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Conspiracy to Violate the Clean Air Act, in violation of 18 U.S.C. § 371, as charged in Count 1 of the Indictment.

DATED: 6/30/25

On behalf of
MATANUSKA DIESEL, LLC
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 6/30/2025.

Kevin Fitzgerald
Attorney for MATANUSKA DIESEL, LLC

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03

Page 18 of 19

On behalf of the United States, I accept the defendant's offer to plead guilty under the terms of this plea agreement.

MICHAEL J. HEYMAN
United States Attorney

DATED: ___6/30/25___

_____
JENNIFER IVERS
Assistant United States Attorney
United States of America

U.S. v. MATANUSKA DIESEL, LLC
3:23-cr-00109-VMK-KFR-03